UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No: 2:15-cv-472-FtM-99MRM

STEVEN G. CARY,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant's "21 Day Response in Motion" (Doc. #7) filed on September 23, 2015. The Court will construe this filing as a motion to dismiss. (Doc. #7). However, because the attempted motion does not comply with the Local Rules of this District or the Federal Rules of Civil Procedure, the Court must deny this motion without prejudice. Defendant is welcome to refile his motion in compliance with both the Local Rules and the Federal Rules of Civil Procedure. To assist Defendant in doing so, the Court will provide Defendant with some information about proceeding *pro se* below.

The Court will first take the opportunity to inform Defendant of some, but not all, procedural rules with which he must comply with in this legal proceeding. The Court reminds Defendant of these obligations because *pro se* litigants are subject to the same

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

law and rules as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").[2] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

All pleadings and other papers tendered to the Court must be typewritten, double-spaced, in at least twelve-point type, on unglazed white 8 ½ x 11 paper, and with 1 ¼ inch margins. *See* M.D. Fla. Local Rule 1.05(a).

Defendant shall not correspond with the Court or any Judge in letter form.[3]  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, Judges will only deliver decisions and opinions in response to documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading or motion. See Fed. R. Civ. P. 7(a)-(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court must include a caption (the same as set forth in the operative complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

---

[2] All filings with the Court must be made in accordance with the Rules and Local Rules. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Rules are available for review in law libraries of the state and federal courthouses.

All pleadings, motions, or other papers filed with the Court by Defendant must bear an original signature of Defendant, or they will be rejected by the Court. Among other things, the signature serves as the party's certification that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. *See* Fed. R. Civ. P. 11(b). Defendant is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines. *See generally* Fed. R. Civ. P. 11.

All pleadings, motions, or other papers filed with the Court must include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail or hand delivery). Fed. R. Civ. P. 5.

All requests for relief from, or action by, the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). If Defendant seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* M.D. Fla. Local Rule 3.01(a). Motions and memoranda cannot exceed 25 pages without permission from the Court. *See* id.

Further, Defendant is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Defendant must include a certification in the motion that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Defendant must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) requires briefs and legal memoranda in opposition to motions to be filed within 14-days after being served with such motion. Defendant must timely respond to the motions filed by other parties in this case, otherwise, the Court may assume he does not oppose that motion and the relief requested therein. If Defendant has missed a filing deadline, Defendant must file a motion seeking leave of Court to file the document out of time.

Defendant is advised that he must comply with many requirements and failure to do so can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all requirements and should not be relied upon as limiting Defendant's duties and obligations. Defendant is directed to the Court's website at http://www.flmd.uscourts.gov. There is a section titled Proceeding without a Lawyer with additional helpful information.

Accordingly, it is now

**ORDERED:**

1. Defendant's 21 Day Response in Motion (Doc. #7) is **DENIED without prejudice**. Defendant is welcome to refile this motion in compliance with the Local Rules and Federal Rules of Civil Procedure, as set out, in part, in this Order.

2. The Clerk is directed to mail a copy of this Order to Defendant Steven G. Cary.

**DONE** and **ORDERED** in Fort Myers, Florida, this 5th day of November, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record